# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE: | SUBCHAPTER V |
| LIVINGSTON TOWNSHIP FUND ONE, LLC | CASE NO. 23-02573-JAW |

## BOM'S MOTION FOR A DETERMINATION THAT LIVINGSTON TOWNSHIP FUND ONE, LLC IS A SINGLE ASSET REAL ESTATE DEBTOR

BOM a/k/a Bank of Montgomery ("BOM") for its Motion for a Determination that Livingston Township Fund One, LLC is a Single Asset Real Estate Debtor states as follows:

1. On November 6, 2023, Livingston commenced this proceeding pursuant to Subchapter V Chapter 11. Craig M. Geno is the Subchapter V Trustee. Livingston owns a single asset, a commercial real estate development located in Madison County, Mississippi. Its sole business activity consist of leasing out the properties in the development to various tenants.

2. BOM is a secured creditor in this proceeding. On July 31, 2013, Livingston executed a promissory note to and in favor of BOM in the original principal amount of $5,000,000, payable in monthly installments of principal and interest with a final maturity date of July 31, 2043, a true and correct copy of the note is attached hereto as Exhibit A and incorporated herein by reference ("Note").

3. The Note was secured by the following:

    a. Deed of Trust executed by Livingston to Steve Van Sickle, Trustee, BOM beneficiary, pursuant to which Livingston granted BOM a first lien on the commercial real estate development in Madison County, Mississippi, which deed of trust was filed for record on July 31, 2013, as Instrument #710185, in Book 2983 commencing at page 488, of the Record of Mortgages and Deeds of Trust on

Land, Madison County, Mississippi, a copy of which deed of trust is attached hereto as Exhibit B and incorporated herein by reference;

b. Assignment of Rents recorded as Instrument # 710181 in Book2983, commencing at Page 464 of the Record of Mortgages and Deeds of Trust on Land, Madison County, Mississippi, a copy of which is attached hereto as Exhibit C and incorporated herein by reference;

c. UCC-1 Financing Statements perfecting BOM's security interest in all chattel paper, accounts, equipment, general intangibles and fixtures, now owned or acquired later, and all proceeds, which UCC-1 Financing Statements are filed with the Mississippi Secretary of State and as a fixture filing with the Chancery Clerk of Madison County, Mississippi, which UCC-1 Financing Statements are attached hereto collectively as Exhibit D.

4. Livingston defaulted on the Note by failing to make the monthly payment due on April 1, 2023, and every month thereafter. BOM accelerated the Note and commenced a non-judicial foreclosure which was scheduled for November 6, 2023. On the morning of the foreclosure sale, Livingston filed this case as a Subchapter V Chapter 11.

5. As of the petition date, Livingston owed BOM $5,021,380.78 consisting of principal of $4,619,202.40, interest of $326,856,66, late charges of $2,547.88, miscellaneous fees of $72,773.84, together with post-petition interest and attorneys' fees.

6. Livingston is not an eligible debtor under Subchapter V of Chapter 11. Specifically, 11 U.S.C. §1182(1)(A), provides that a person "whose primary business activity is the business of owning single asset real estate" is not an eligible debtor under Subchapter V. The term "single asset real estate" is defined by 11 U.S.C. §101(51B) as real property "constituting a

single property or project, . . . which generates substantially all of the gross income of a debtor . . . and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incident thereto."

7. Livingston owns one asset, a commercial real estate development. According to Livingston's "Statement of Operations" Dkt.# 27, all of Livingston's gross income is rental income paid by tenants at the commercial development. Livingston's expenses solely relate to the operation of the commercial real estate development. Accordingly, Livingston is not an eligible Subchapter V Chapter 11 debtor as it is a single asset real estate debtor.

8. Accordingly, BOM is entitled to an order determining that Livingston is a single asset real estate debtor, not a Subchapter V Chapter 11 debtor. Accordingly, Livingston is not an eligible debtor in this case and may only proceed, if at all, under Chapter 11 as a single asset real estate debtor.

Respectfully submitted, this 10th day of November, 2023.

BOM A/K/A BANK OF MONTGOMERY

By: /s/ Jim F. Spencer, Jr.
Jim F. Spencer, Jr.
Its attorneys

OF COUNSEL
JIM F. SPENCER, JR. (MSB#7736)
ERIN A. MCMANUS (MSB #106317)
WATKINS & EAGER PLLC
P.O. BOX 650
JACKSON, MISSISSIPPI 39205
(601) 965-1900
jspencer@watkinseager.com

## CERTIFICATE OF SERVICE

      I, Jim F. Spencer, Jr., do hereby certify that I have caused to be served the above and foregoing pleading on all parties requesting notice by using the ECF filing system of the court:

Thomas Carl Rollins, Jr. – trollins@therollinsfirm.com
Eileen N. Shaffer – eshaffer@eshaffer-law.com
Steven H. Smith-ssmith@shsattorneys.com
United States Trustee - USTPRegion05.JA.ECF@usdoj.gov

This 10th day of November, 2023.

                                                  /s/ Jim F. Spencer, Jr.
                                                    Jim F. Spencer, Jr.