## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE: | SUBCHAPTER V |
| LIVINGSTON TOWNSHIP FUND ONE, LLC | CASE NO. 23-02573-JAW |

**BOM'S RESPONSE TO MOTION FOR INTERIM AND FINAL ORDER FOR THE USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION [DKT. # 31]**

BOM a/k/a Bank of Montgomery ("BOM") for its response to Livingston Township Fund One, LLC's ("Livingston") Motion for Interim and Final Order for Use of Cash Collateral and Granting Adequate Protection (Dkt. #31),("Motion") states as follows:

1. On November 6, 2023, Livingston commenced this proceeding pursuant to Subchapter V Chapter 11. Craig M. Geno is the Subchapter V Trustee. Livingston owns a single asset, a commercial real estate development located in Madison County, Mississippi.

### BOM'S SECURED CLAIM

2. BOM is a secured creditor in this proceeding. On July 31, 2013, Livingston executed a promissory note to and in favor of BOM in the original principal amount of $5,000,000, payable in monthly installments of principal and interest with a final maturity date of July 31, 2043, a true and correct copy of the note is attached hereto as Exhibit A and incorporated herein by reference ("Note");

3. The Note was secured by the following:

   a. Deed of Trust executed by Livingston to Steve Van Sickle, Trustee, BOM beneficiary, pursuant to which Livingston granted BOM a first lien on the commercial real estate development in Madison County, Mississippi, which deed of trust was filed for record on July 31, 2013, as Instrument #710185, in Book 2983 commencing at page 488, of the Record of Mortgages and Deeds of Trust on

Land, Madison County, Mississippi, a copy of which deed of trust is attached hereto as Exhibit B and incorporated herein by reference;

b. Assignment of Rents recorded as Instrument # 710181 in Book 2983, commencing at Page 464 of the Record of Mortgages and Deeds of Trust on Land, Madison County, Mississippi, a copy of which is attached hereto as Exhibit C and incorporated herein by reference;

c. UCC-1 Financing Statements perfecting BOM's security interest in all chattel paper, accounts, equipment, general intangibles and fixtures, now owned or acquired later, and all proceeds, which UCC-1 Financing Statements are filed with the Mississippi Secretary of State and as a fixture filing with the Chancery Clerk of Madison County, Mississippi, which UCC-1 Financing Statements are attached hereto collectively as Exhibit D.

### LIVINGSTON'S DEFAULT ON BOM NOTE

4. Livingston defaulted on the Note by failing to make the monthly payment due on April 1, 2023, and every month thereafter. BOM accelerated the Note and on September 5, 2023, exercised its rights granted under the Deed of Trust and Assignment of Rents to collect the rents from Livingston's tenants, some of whom paid BOM and some of whom did not. Thereafter, BOM commenced a non-judicial foreclosure which was scheduled for November 6, 2023. On the morning of the foreclosure sale, Livingston filed this case as a Subchapter V Chapter 11.

5. As of the petition date, Livingston owed BOM $5,021,380.78 consisting of principal of $4,619,202.40, interest of $326,856,66, late charges of $2,547.88, miscellaneous fees of $72,773.84, together with post-petition interest and attorneys' fees.

**BOM'S RESPONSE AND OBJECTION TO USE OF CASH COLLATERAL**

6. On November 10, 2023, Livingston filed its Motion for a Determination that Livingston Township Fund One, LLC is a Single Asset Real Estate Debtor (Dkt. #37). If Livingston is not eligible to be a Subchapter V Chapter 11 debtor, then the Motion should be denied as the Court cannot grant the relief sought in the Motion to an entity that is not properly before it. Without waiving its objection to Livingston's eligibility to be a Subchapter V debtor, BOM responses to the Motion on the grounds set forth below.

7. The rents generated from Livingston are BOM's cash collateral. Livingston cannot use BOM's cash collateral without permission. BOM does not object to the emergency use of its cash collateral for a period of 14 days provided Livingston provides a budget of expected income and necessary expenses due in that time period. For example, it is unlikely that Livingston needs to spend $3,300 for landscape maintenance in the winter months. Also, the budget includes a reserve for ad valorem taxes and insurance. BOM has not seen any of the current leases, so it is unaware of whether the leases require the tenants to pay those as a part of the lease. However, according to the Motion to Sell Property (Dkt. # 32) the Madison County Tax Collector is requiring that the debtor pay all the ad valorem taxes on the entire development as a part of the sale of a small portion of the development. ( Dkt. 32, p. 3, footnote 3). If so, then there is no need to reserve for taxes as a part of an initial allowance of use of cash collateral.

8. BOM also requests that any use of its cash collateral be conditioned upon the recognition of its perfected lien as to the Livingston's rents, accounts receivables and the proceeds thereof and upon the Court granting BOM a fully secured replacement lien on all the assets of Livingston, including any post-petition rents, accounts, and provided Livingston only

3

uses the cash collateral to pay the items approved by the Court based on a budget agreed to by BOM.

9. BOM objects to final use of cash collateral based on the budgets attached to the Motion. The budget is not a typical 13-week budget but instead it is a projection of income and expenses on a monthly basis for four (4) months. The proposed budget does not account for rent collection issues that have plagued Livingston. Specifically, according to Livingston's schedules, one tenant owes unpaid rent of $550,000. (Dkt. #2, p. 6) The proposed budget does not provide any detail whether this tenant's obligations to make lease payments going forward are included in the monthly rent projections. Further, Livingston has filed a motion to sell 115 Livingston, Flora, Mississippi (the "Mexican Restaurant") located on the property. (Dkt. #32). The proposed budget does not provide any information about whether the lease payments from the Mexican Restaurant are included in the projection. Based on BOM's experience since September of 2023, when it exercised its rights to collect the rents from the tenants, only a few tenants are actually paying rent.

10. BOM objects to Livingston's proposal to pay it the net operating income as adequate protection because such a payment is problematic and does not provide BOM with adequate protection given the issues with Livingston's collections of rents. Further, even under the most optimistic interpretation of Livingston's proposed budget, such adequate protection payments are insufficient to constitute adequate protection as such payments do not cover the monthly interest accrual of $42,173.95. Finally, if the Court determines that this case is a single asset real estate case, Livington will have to propose a plan within 90 days that has a reasonable possibility of being confirmed within a reasonable time or pay monthly payments to BOM in the amount equal to the non-default rate of interest, which is $42,173.95. *See* 11 U.S.C. § 362(d)(3).

The required payment is substantially more than the projected income from the property. It is unlikely Livingston can reorganize and liquidation seems inevitable. As such, BOM objects to the use of any cash collateral beyond that needed for a short period of time, two weeks, until Livingston's revenue picture on a post-petition basis becomes clear.

WHEREFORE, BOM respectfully request that the Court only allow use of cash collateral on a short-term basis conditioned upon Livingston providing a budget of necessary expenditures in the next two weeks

Respectfully submitted, this 13th day of November, 2023.

BOM A/K/A BANK OF MONTGOMERY

By: /s/ Jim F. Spencer, Jr.
Jim F. Spencer, Jr.
Its attorneys

OF COUNSEL
JIM F. SPENCER, JR. (MSB#7736)
ERIN A. MCMANUS (MSB #106317)
WATKINS & EAGER PLLC
P.O. BOX 650
JACKSON, MISSISSIPPI 39205
(601) 965-1900
jspencer@watkinseager.com

**CERTIFICATE OF SERVICE**

I, Jim F. Spencer, Jr., do hereby certify that I have caused to be served the above and foregoing pleading on all parties requesting notice by using the ECF filing system of the court:

Thomas Carl Rollins, Jr. – trollins@therollinsfirm.com
Eileen N. Shaffer – eshaffer@eshaffer-law.com
Steven H. Smith Smith-ssmith@shsattorneys.com
United States Trustee - USTPRegion05.JA.ECF@usdoj.gov

This 13th day of November, 2023.

  /s/ Jim F. Spencer, Jr.  
Jim F. Spencer, Jr.