IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:     LIVINGSTON TOWNSHIP FUND ONE, LLC     CHAPTER 11
Debtor     CASE NO. 23-02573-JAW

### ANSWER AND RESPONSE OF THE SUBCHAPTER V TRUSTEE TO THE DEBTOR'S MOTION FOR INTERIM AND FINAL ORDER FOR THE USE OF CASH COLLATERAL, AND GRANTING ADEQUATE PROTECTION

COMES NOW Craig M. Geno, the Subchapter V Trustee in the above styled and numbered case (the "Trustee"), and files this his Answer and Response to the *Motion for Interim and Final Order for the Use of Cash Collateral, and Granting Adequate Protection* (the "Motion") [DK #31], filed herein by Livingston Township Fund One, LLC (the "Debtor"), and, answering the allegations of the Motion paragraph by paragraph, the Trustee answers and responds as follows, to-wit:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted, for the purposes of the Motion, although the conclusions of law are admitted only for the purposes of the Motion, with the Trustee reserving rights with respect thereto.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted as to what the Debtor requests. To the extent the budget seeks to use cash collateral for necessary and essential expenses of operation, the Trustee has no objection to it, so long as the proposed "carve-out" for professional fees and expenses will either take effect immediately, or in the near term. Without such a carve-out, the case faces an issue of administrative insolvency and that may determine its immediate future.

14. The Trustee denies that all net income should be paid to BOM on a monthly basis because of the uncertainty of need for unanticipated expenses/repairs. In the event there are insufficient funds to pay for such costs, the Debtor may not be able to meet unanticipated expenses.

15. The Trustee admits the allegations of Paragraph 15 of the Motion, only to the extent that BOM has a properly perfected security interest in collateral in which it is being given replacement liens.

16. Admitted.

17. Admitted.

18. Admitted.

<u>Last Unnumbered Paragraph</u>

The Trustee admits that the Debtor is entitled to use the cash collateral, subject to the budget and subject to providing for a carve-out for administrative costs, fees and expenses.

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully prays that upon a hearing hereof this Honorable Court will enter its order granting the use of cash collateral for necessary and essential expenses in the near term, so long as proper reservations as to the perfection of BOM's liens are reserved and so long as provisions are made for unanticipated expenses. The Trustee prays for general relief.

THIS, the 27th day of November, 2023.

        Respectfully submitted,

        CRAIG M. GENO, SUBCHAPTER V TRUSTEE

        By His Attorneys,

        LAW OFFICES OF CRAIG M. GENO, PLLC

        By: _____
              Craig M. Geno

OF COUNSEL:

Craig M. Geno; MSB No. 4793
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com

N:\Firm Data\Users\Bankrupt\Subchapter V Cases\Livingston Township Fund One, LLC\Pleadings\Ans, Resp to Mot for Interim and Final Order for Use of Cash Collateral 11-27-23.wpd

## CERTIFICATE OF SERVICE

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via electronic filing transmission, a true and correct copy of the above and foregoing to the following:

Christopher J. Steiskal, Sr., Esq.
Office off the United States Trustee
christopher.j.steiskal@usdoj.gov

Eileen N. Shaffer, Esq.
eshaffer@eshaffer-law.com

Thomas C. Rollins, Jr., Esq.
trollins@therollinsfirm.com

Jim F. Spencer, Jr., Esq.
Jspencer@watkinseager.com

THIS, the 27th day of November, 2023.

_____
Craig M. Geno

-3-