IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| IN RE: | LIVINGSTON TOWNSHIP FUND ONE, LLC<br>Debtor | CHAPTER 11<br>CASE NO. 23-02573-JAW |

### ANSWER AND RESPONSE TO MOTION FOR DETERMINATION THAT LIVINGSTON TOWNSHIP FUND ONE, LLC IS A SINGLE ASSET REAL ESTATE DEBTOR

COMES NOW Craig M. Geno, the Subchapter V Trustee in the above styled and numbered case (the "Trustee"), and files this his Answer and Response to the *Motion for Determination that Livingston Township Fund One, LLC is a Single Asset Real Estate Debtor* (the "Motion") [DK #37], filed herein by BOM a/k/a Bank of Montgomery ("BOM"), and, answering the allegations of the Motion paragraph by paragraph, the Trustee answers and responds as follows, to-wit:

1. Admitted.

2. The Trustee admits execution of the documents mentioned in Paragraph 2 of the Motion and that they speak for themselves.

3. The Trustee admits execution of the documents mentioned in Paragraph 3 of the Motion and that they speak for themselves.

4. Admitted.

5. Admitted, with respect to the Motion.

6. The allegations, inferences and conclusions contained in Paragraph 6 of the Motion are denied.

7. The Trustee admits that the real property involved in this case is titled to the Debtor. Currently, all of the Debtor's gross income appears to be paid by tenants at the commercial development and, in fact, even BOM alleges that this is "a commercial real estate development." Affirmatively, a real estate development means that it is not simply a single asset real estate case,

but an ongoing, changing and a "work in process" that has multiple opportunities for income and development. There is no better example of this than the pending sale of assets, which includes not only property of the estate but property owned by a third party. That is an important feature of this development in that the remaining area, also a development, "feeds" into the Debtor's development. And, while the surrounding development is not technically titled to the Debtor, it is part of a planned unit development.

8. The Trustee denies the allegations, inferences and conclusions contained in Paragraph 8 of the Motion.

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully prays that upon a hearing hereof this Honorable Court will enter its order denying the Motion. The Trustee prays for general relief.

THIS, the ___ day of December, 2023.

Respectfully submitted,

CRAIG M. GENO, SUBCHAPTER V TRUSTEE

By His Attorneys,

LAW OFFICES OF CRAIG M. GENO, PLLC

By: _____
Craig M. Geno

OF COUNSEL:

Craig M. Geno; MSB No. 4793
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com

N:\Firm Data\Users\Bankrupt\Subchapter V Cases\Livingston Township Fund One, LLC\Pleadings\Ans,Resp re BOM's Mot to Determine Single Asset Real Estate11-29-23.wpd

## CERTIFICATE OF SERVICE

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via electronic filing transmission, a true and correct copy of the above and foregoing to the following:

Christopher J. Steiskal, Sr., Esq.
Office off the United States Trustee
christopher.j.steiskal@usdoj.gov

Eileen N. Shaffer, Esq.
eshaffer@eshaffer-law.com

Thomas C. Rollins, Jr., Esq.
trollins@therollinsfirm.com

Jim F. Spencer, Jr., Esq.
jspencer@watkinseager.com

Erin A. McManus, Esq.
emcmanus@watkinseager.com

THIS, the ___1st___ day of December, 2023.

_____
Craig M. Geno