IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:        LIVINGSTON TOWNSHIP FUND ONE, LLC        CASE NO. 23-02573-JAW

CHAPTER 11 DEBTOR

**MOTION: (1) TO COMPEL THE DEBTOR TO DETERMINE WITHIN A SPECIFIED PERIOD WHETHER TO ASSUME OR REJECT UNEXPIRED LEASE; (2) TO DETERMINE THE STATUS OF UNEXPIRED LEASE AND DEEM IT REJECTED; AND ALTERNATIVELY, (3) FOR RELIEF FROM STAY TO TERMINATE LEASE**

COMES NOW, Livingston Mercantile Store, Inc., d/b/a "The Gathering" and "Livingston Mercantile" ("**Livingston Mercantile**"), and files this its Motion: (1) Compel the Debtor to Determine Within a Specified Period Whether to Assume or Reject Unexpired Lease; (2) to Determine the Status of Unexpired Lease and Deem it Rejected; and alternatively, (3) for Relief from Stay to Terminate Lease (the "**Motion**") pursuant to 11 U.S.C. § 365 in the above-styled Chapter 11 proceedings. In support of the Motion, Livingston Mercantile presents the following:

1. This Honorable Court has jurisdiction over the subject matter herein and the parties hereto pursuant to 28 U.S.C. Sections 157 and 1334; 11 U.S.C. Sections 105, 365, related statutes, related rules and various orders of reference. This is a core proceeding.

2. On November 6, 2023 (the "**Petition Date**"), the Debtor filed a Voluntary Petition for reorganization with this Court under Chapter 11 of the Bankruptcy Code. The Debtor continues in possession of its property and is operating and managing its business pursuant to the provisions of Subchapter V of the Code.

3. On or about March 2, 2011, Livingston Mercantile entered into a Lease Agreement with Debtor for 8,800 square feet of retail market and restaurant space located in the Shopping Center Project known as Livingston Township. See Lease Agreement, including its two addenda are attached hereto and incorporated herein by reference as Exhibit "A".

4. Since that time, Debtor has breached its obligations to Livingston Mercantile.

5. The first ongoing breach by Debtor is its failure to complete Phase 1.1 of the development. Due to this breach, Livingston Mercantile has been subject to an abatement of one-half of its rent since six months after the Commencement Date pursuant to Section 19 of the Second Addendum of the Lease. Now, Debtor has filed bankruptcy, and it is unlikely that Phase 1.1 will be completed.

6. The second ongoing breach is the Debtor's breach of Section 12 of the Second Addendum to the Lease by constructing buildings with block the view of Livingston Marcantile's building from Highway 463.

7. The third breach is Debtor's violation of Section 36 of the Second Addendum of the Lease by not recognizing Livingston Mercantile's option to purchase the building it occupies prior to Debtor's bankruptcy filing. Debtor was obligated to notify Livingston Mercantile 60 days prior to filing bankruptcy and to allow Livingston mercantile to purchase the building it leases.

8. Livingston Mercantile believes there are various other violations of the Lease including overcharging for Lease payments, taxes, and common area maintenance.

9. Livingston Mercantile hereby moves the Court, pursuant to § 365 of the Bankruptcy Code to compel Debtor to assume or reject the subject unexpired nonresidential real property lease. Further, because the significant breaches of this lease cannot be cured, that this Court deem the Lease rejected.

10. Alternatively, Livingston Mercantile requests that bankruptcy stay be lifted for the purpose of terminating this lease effective December 31, 2023.

11. Livingston Mercantile reserves its rights granted in the Lease, including its Option to Purchase the subject property.

12. Other grounds to be assigned upon a hearing hereof.

WHEREFORE, PREMISES CONSIDERED, Livingston Mercantile respectfully requests that the Court enter an Order compelling Debtor to assume or reject the lease, deeming the lease rejected, and, alternatively, vacating the bankruptcy stay for the purpose of termination of the subject lease.

Livingston Mercantile further requests all general and specific relief as this Court may deem just.

DATED, this the 4th day of December, 2023.

                                                LIVINGSTON MERCANTILE STORE, INC.

                              By:   *s/John D. Moore*
                                       JOHN D. MOORE, MSB No. 10610

John D. Moore, P. A.
217 Draperton Drive, Suite 100 (39157)
Post Office Box 3344
Ridgeland, Mississippi 39158-3344
601-853-9131
Fax: 601-853-9139
E-Mail: john@johndmoorepa.com

CERTIFICATE OF SERVICE

      I hereby certify that on December 4, 2023, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing, and therefore served, according to the applicable rules, to the parties set forth in the Electronic Mail Notice List as of the date hereof, including the following:

Office of the U.S. Trustee
USTPRegion05.AB.ECF@usdoj.gov

Steven H. Smith, Esq.
ssmith@shattorneys.com

Derek A. Henderson, Esq.
derek@derekhendersonlaw.com

Craig M. Geno, Esq.
cmgeno@cmgenolaw.com

Eileen N. Shaffer, Esq.
eshaffer@eshaffer-law.com

Thomas C. Rollins, Jr., Esq.
trollins@therollinsfirm.com


THIS, the 4th day of December, 2023.

                                                */s/John D. Moore*
                                                JOHN D. MOORE