IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| LIVINGSTON TOWNSHIP FUND ONE, LLC | CASE NO. 23-02573-JAW |

**MOTION FOR APPROVAL OF COMPROMISE AND
SETTLEMENT PURSUANT TO RULE 9019**

**COMES NOW**, Livingston Township Fund One, LLC, ("Livingston"), and files this its Motion for Approval of Compromise and Settlement Pursuant to Federal Rule of Bankruptcy Procedure 9019, and would show unto the Court as follows:

1. This Court has jurisdiction over the subject matter herein and the parties hereto pursuant to 28 U.S.C. § 1334, 11 U.S.C. §105, Rule 9019 of the Fed. R. Bank. Proc., along with other related statutes and rules. This is a core proceeding as defined by 28 U.S.C. § 157.

2. On November 6, 2023, Livingston filed a voluntary petition ("Bankruptcy Proceeding") for relief under Chapter 11 before the United States Bankruptcy Court for the Southern District of Mississippi.

3. That during the pendency of the Bankruptcy Proceeding, a dispute arose between Livingston and one of its tenants, Livingston Mercantile Store, Inc., d/b/a "The Gathering" and Livingston Mercantile. On January 8, 2024, an *Agreed Order Resolving Livingston Mercantile's Motion (1) To Compel the Debtor to Determine Within a Specified Period Whether to Assume or Reject Unexpired Lease; (2) To Determine the Status of Unexpired Lease and Deem it Rejected; and Alternatively, (3) For Relief From Stay to Terminate Lease* was entered by the Bankruptcy Court [Dkt. #170].

4. Once the lease with The Gathering and related parties was terminated, a dispute arose as to the amount of the past due rent that was owed.

5. That on September 15, 2025, mediation was conducted by the Honorable F. Keith Ball in the case filed in the Circuit Court of Madison County, Mississippi styled *Livingston Township Fund One, LLC v. Bowen Eason; Livingston Mercantile Store, Inc.; and Livingston Springs Commissary, LLC, Cause No. 45CI1:24-cv-83-JA* and *45CI1:24-cv-298-JA* (Consolidated).

6. In the mediation, the parties agreed to the following settlement terms:

- $300,000.00 shall be paid directly to Livingston on behalf of Defendants Bowen Eason, Livingston Mercantile Store, Inc., and Livingston Springs Commissary, LLC to be paid in full within 30 days of approval by the United States Bankruptcy Court;

- That the Plaintiff and Defendants will sign full, final and complete releases of all claims against each other; and

- That the suit will be dismissed with prejudice against all defendants, upon Bankruptcy Court approval of the settlement and receipt of the settlement funds.

A true and correct copy of the Memorandum of Understanding that was signed by the parties is attached hereto and incorporated herein as **Exhibit "A"**.

7. That the settlement is fair and reasonable and is in the best interest of the bankruptcy estate.

8. That the settlement complies with the 5th Circuit standards for approving compromise and settlements.

9. A basic policy in bankruptcy cases is that compromise is favored. 10 Lawrence P. King, Collier on Bankruptcy, ¶9019.01 at 9019-2 (15th ed. Revised 1997). Courts have built on this policy by adopting the standards set forth in the U.S. Supreme Court decision, *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968). In *TMT*, the Supreme Court held that a compromise would be approved by the bankruptcy court only after it:

apprises itself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties in collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

*Id.* At 424.

10. The Fifth Circuit standard has been stated in *Official Comm. Of Unsecured Creditors v. Cajun Electric Power Coop., Inc.*:

(1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law,
(2) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, and
(3) all other factors bearing on the wisdom of the compromise.

119 F.3d 349 (5th Cir. 1997). *Id.* At 356. These factors have been summarized as requiring the compromise to be "fair and equitable" and "in the best interests of the estate." *TMT*, 390 U.S. at 424; *Cajun Elec.*, 119 F.3d at 355.

**WHEREFORE, PREMISES CONSIDERED**, Livingston Township Fund One, LLC, respectfully requests that this Court enter an Order:

- Approving the payment of $300,000.00 to be paid directly to Livingston on behalf of Defendants Bowen Eason, Livingston Mercantile Store, Inc., and Livingston Springs Commissary, LLC to be paid in full within 30 days of approval by the United States Bankruptcy Court;

- That the Plaintiff and Defendants will sign full, final and complete releases of all claims against each other;

- That the suit will be dismissed with prejudice against all defendants, upon Bankruptcy Court approval of the settlement and receipt of the settlement funds; and

- For such other relief as is deemed just.

Respectfully submitted,

LIVINGSTON TOWNSHIP FUND ONE, LLC

BY: _____
EILEEN N. SHAFFER
Its Attorney

THOMAS CARL ROLLINS, JR., MSB #103469
The Rollins Law Firm, PLLC
Post Office Box 13767
Jackson, Mississippi 39236
Ph: (601) 500-5533
email: tc@therollinsfirm.com

STEVEN H. SMITH, MSB #7610
Steven H. Smith, PLLC
4316 Old Canton Road, Suite 200
Jackson, Mississippi 39211
Ph: (601) 987-4800
email: ssmith@shsattorneys.com

EILEEN N. SHAFFER MSB #1687
Post Office Box 1177
Jackson, Mississippi 39215-1177
Ph: (601) 969-3006; Fax: (601) 949-4002
email: eshaffer@eshaffer-law.com

## CERTIFICATE OF SERVICE

I, Eileen N. Shaffer do hereby certify that I have this date mailed by United States Mail, postage pre-paid, or electronically transmitted via the court's electronic noticing system, a true and correct copy of the above and foregoing Motion for Approval of Compromise and Settlement Pursuant to Rule 9019 to the following, on the day and year hereinafter set forth:

>John D. Moore, Esq.
>Attorney for Defendants
>P.O. Box 3344
>Ridgeland, MS 39158
>johndmoore@msn.com
>
>United States Trustee
>USTPRegion05.JA.ECF@usdoj.gov

**SO CERTIFIED** this the _____ day of _____, 2025.

_____
EILEEN N. SHAFFER