## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:                                                                                          CHAPTER 11

LIVINGSTON TOWNSHIP FUND ONE, LLC                       CASE NO. 23-02573-JAW

### THIRD APPLICATION FOR ALLOWANCE OF COMPENSATION
### AND REIMBURSEMENT OF NECESSARY EXPENSES
### OF STEVEN H. SMITH

**COMES NOW, Steven H. Smith**, and files this his Third Application of Attorney for Allowance of Compensation and Reimbursement of Necessary Expenses, and in support thereof, would show unto the Court the following matters, to-wit:

1. A Voluntary Petition for reorganization, pursuant to Chapter 11 of the Bankruptcy Code was filed in the Jackson Division of the United States Bankruptcy Court for the Southern District of Mississippi by Livingston Township Fund One, LLC on November 6, 2023.

2. On December 1, 2023 an Order [Dkt. #93] was entered authorizing the Debtor-in-Possession to appoint and employ Steven H. Smith as its attorney to perform legal services.

3. Applicant, Thomas Carl Rollins, Jr., and Eileen N. Shaffer received a joint retainer in the total amount of $15,000.00.

4. On June 21, 2024 an Agreed Order (dkt #425) was entered approving Steven H. Smith's fees in the amount of $32,931.25 and expenses in the amount of $597.08 for a total of $33,528.33.

5. On April 4, 2025, a second Agreed Order was entered approving Steven H. Smith fees in the amount of $48,192.16. No expenses were requested (dkt #531).

6. This is a third request for compensation. The Court has authority to allow this compensation and to pay the same as authorized by 11 U.S.C. § 330, after notice and a hearing.

1

7. The legal services rendered and legal fees incurred for which this Third Application for Compensation is made are attached hereto as Exhibit "A" and are as follows:

| | |
|---|---|
| March, 2025 | $4,606.25 |
| May & June, 2025 | $1,787.50 |
| August, 2025 | $7,356.25 |
| September, 2025 | $8,731.25 |
| Total Fees requested under Third Application | $22,481.25 |

The undersigned is a duly licensed and authorized Attorney at Law, practicing in Jackson, Mississippi, having graduated from the University of Mississippi School of Law in May, 1979.

8. Applicant has taken into consideration the factors outlined in *Johnson v. Georgia Highway Express, Inc.*, 499 F. 2d, 714 (5th Cir. 1974), made applicable to proceedings in this Court by the decision in *In Re First Colonial Corp. of America*, 544 F. 2d, 1291 (5th Cir., *cert denied*, 97 S. Ct. 1696, [1977]), in establishing a reasonable request for compensation, and as shown by the discussion of those factors contained herein, the fee requested by Applicant is supported by the Johnson criteria. In addition, the fee is reasonable in light of the requirement that bankruptcy estates be administered as economically as possible, and all the services rendered are of a legal nature, requiring the services of an attorney.

9. That Exhibit "A" to this Application is the amount of time and labor required during such time, as required by Bankruptcy Rule 2016(a), and a detailed record of expenses incurred by Applicant. Applicant's time records are recorded contemporaneously with the rendition of services and set forth the time spent on a daily basis. All these hours are reasonable and necessary for the preservation of the Estate, and to assist the Debtor in its bankruptcy proceeding.

10. No understanding exists between Applicant and any other person for the sharing of any compensation to be received.

11. In accordance with the authorization of Steven H. Smith, as attorney for the Debtor-in-Possession, said attorney has been called upon to provide extensive legal services to the Debtor. Services during this period entailed the performance of substantial work on advising the Debtor, examining the pleadings that have been filed in this case, and preparing for numerous hearings.

12. To a certain extent, other employment was precluded by services rendered in that at certain periods of the administration of this bankruptcy, the legal representation of the Debtor prevented their attorney from accepting additional cases.

13. Applicant's customary fee or hourly rate is $275.00 for services before the United States Bankruptcy Court. Applicant would further show unto the Court that the prevailing rates of attorneys having expertise and ability comparable to that of Applicant range from $200.00 to $450.00 per hour for ordinary services. In support of this hourly rate, Applicant would show unto the Court his Affidavit is attached hereto as **Exhibit "B"**, as required by the Court in *National Association of Concerned Vets v. Secretary of Defense*, 675 F. 2d, 1319, D.C. Cir. (1982). In support of this hourly rate, Applicant would show unto the Court that 11 U.S.C. § 503(b)(4) allows for fees to be comparable with fees charged in non-bankruptcy cases. In support of this hourly rate, Applicant would show unto the Court that 11 U.S.C. § 503(b)(4) allows for fees to be comparable with fees charged in non-bankruptcy cases. A House Report discussed a prior case that set an arbitrary standard for attorney's fees.

> If that case were allowed to stand, attorneys that could earn much higher incomes in other fields would leave the bankruptcy arena. H. Report 95-595, pg. 296 through 330.

> The fee in this case was fixed to be based on an hourly rate.

3

14. There were time limitations imposed by the circumstances of the case, and the needs of the Debtor.

15. The experience, reputation and ability of Applicant is well known to this Court, and the Court is able to make its own determinations about these matters. In support of the Court's conclusion on this point, Applicant would show unto the Court the facts set out in Applicant's Affidavit attached hereto.

16. This hourly rate and fees sought are in line with fees made by this Court in other bankruptcy cases and are in line with other fees charged regular clients by Applicant, and other attorneys in the Jackson, Mississippi, area.

17. That in the course of the performance of the duties as the attorney for the Debtor, Applicant has advanced money from personal funds for the expenses set forth in Exhibit "A" attached hereto and by this reference made a part hereof.

18. That the Debtor has been given the opportunity to review the application and approved the requested amount.

**WHEREFORE, PREMISES CONSIDERED**, Applicant prays that after notice and a hearing, the Court will grant Applicant reasonable compensation in the amount of $22,481.25 for legal services in this case to be paid from the available funds of the bankruptcy estate.

**DATED** this the 13th day of October, 2025.

Respectfully submitted,

LIVINGSTON TOWNSHIP FUND ONE, LLC

By: _____
STEVEN H. SMITH
Its Attorney

STEVEN H. SMITH, MSB #7610
Steven H. Smith, PLLC
4316 Old Canton Road, Suite 200
Jackson, MS 39211
Telephone: 601-987-4800
Facsimile: 601-987-6600
ssmith@shsattorneys.com

## CERTIFICATE OF SERVICE

I, Steven H. Smith, Attorney for Debtor-in-Possession, do hereby certify that I have this date electronically transmitted via CM/ECF Noticing, a true and correct copy of the above and foregoing Application of Debtor-in-Possession to Employ Counsel to the following on the day and year hereinafter set forth:

United States Trustee
USTPRegion5.JA.ECF@usdoj.gov

**SO CERTIFIED**, this the 13th day of October, 2025.

_____
STEVEN H. SMITH